Howard SHAW, Plaintiff–Appellant,

v.

STATE OF OREGON PUBLIC EM-
PLOYEES' RETIREMENT
BOARD, et al., Defendants–Appellees.

No. 88–4074.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1989.

Decided Oct. 11, 1989.

William F. Hoelscher, Portland, Or., for plaintiff-appellant.

John A. Reuling, Jr., Asst. Atty. Gen., Salem, Or., for defendants-appellees.

Before PREGERSON, TROTT and RYMER, Circuit Judges.

PREGERSON, Circuit Judge:

Howard Shaw appeals from the district court's order dismissing his action for declaratory and injunctive relief. Shaw, a retired Oregon state employee, challenged the constitutionality of an Oregon statute which creates a differential in the amount of retirement benefits provided by the state to general service public employees like Shaw, on the one hand, and police and firefighters, on the other. The statute provides public retirement pension benefits for police and firefighters at a rate which is approximately 20% higher than those accorded to general service public employee retirees who have the same duration of creditable employment and the same final average salaries. Shaw alleged that this differential violates his right to equal protection under the Fourteenth Amendment of the United States Constitution.[1]

---

1. Shaw also alleged that the differential violates his rights under the privileges and immunities provision of Article I, § 20 of the Oregon Constitution. However, because Shaw does not pur-

sue this argument on appeal, he has waived consideration of this issue. *See Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988) ("Issues raised

Shaw and appellee State of Oregon Public Employees' Retirement Board (PERB) filed cross-motions for summary judgment. The district court denied Shaw's motion and granted PERB's. Shaw then brought this timely appeal. For the reasons discussed below, we affirm.

## STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Jackson Water Works, Inc. v. Public Utilities Commission,* 793 F.2d 1090, 1092 (9th Cir.1986), *cert. denied,* 479 U.S. 1102, 107 S.Ct. 1334, 94 L.Ed.2d 184 (1987). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. *Id.*

## DISCUSSION

Shaw argues that Oregon Revised Statute (ORS) § 237.147 is unconstitutional because it provides that 2% of final averaged salary is the "multiplier" in calculating service retirement benefits for police and firefighter employees, but only provides for a 1.67% multiplier for general service employees such as Shaw. According to Shaw, this differential in the benefit formula is arbitrary and not reasonably related to any legitimate state interest.

In support of his contention, Shaw notes that prior to 1983, ORS § 237.129 provided a mandatory retirement age of 60 years for police and firefighter employees and 65 years of age for general service employees. In order to compensate police and firefighters for their shorter working life, the Oregon legislature gave them a higher retirement allowance multiplier. However, in 1983 the legislature extended the compulsory retirement age for virtually all public employees to 70 years. The legislature later eliminated compulsory retirement ages for most public employees. Therefore, argues Shaw, the rationale supporting

the retirement differential no longer exists, making the statutory scheme arbitrary and unreasonable.[2]

Shaw acknowledges that we may strike down the statutory scheme at issue only if we conclude that it bears no rational relationship to a legitimate state interest. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (per curiam). He also recognizes that a federal court may not set aside a state's statutory classification "if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Nonetheless, Shaw contends that we may affirm the district court only if there is a "factually supported," as opposed to "hypothetical or speculative," legislative purpose for the challenged retirement differential "which is evident on the face of the statute or in the legislative history." Because neither the statute nor its legislative history specify such a purpose, Shaw argues, we must strike down the statute under the Fourteenth Amendment's equal protection clause.

■ However, Shaw misconceives the level of scrutiny appropriate for judicial review under the rational basis test. We have stated that "courts may properly look beyond the articulated state interest in testing a statute under the rational basis test." *Lamb v. Scripps College,* 627 F.2d 1015, 1021 n. 9 (9th Cir.1980). "[F]or purposes of determining whether a provision rationally furthers a legitimate state interest, 'it is, of course, constitutionally irrelevant whether this reasoning in fact underlay the legislative decision....' " *Id.* (quoting *Flemming v. Nestor,* 363 U.S. 603, 612, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960)). A court " 'may even hypothesize the motivations of the state legislature to find a legitimate objective promoted by the provision under attack.' " *Id.* (quoting

in a brief which are not supported by argument are deemed abandoned.").

**2.** Shaw also relies on our unpublished Memorandum disposition in *Pachkofsky v. State of Oregon,* 659 F.2d 1089 (9th Cir.1981). We re-

mind counsel that dispositions that are not opinions or orders designated for publication are not regarded as precedent and may not be cited to this court, except in situations not relevant here. Ninth Circuit Rule 36–6.

*Melamed v. Thornburgh*, Daily Lab.Rep. (BNA) at D–2 (May 21, 1980) (3d Cir.1980)). "The state's decision does not have to be perfect; there need only be plausible or conceivable reasons which may have been the basis for the distinction." *Jackson Water Works, Inc. v. Public Utilities Commission*, 793 F.2d 1090, 1096–97 (9th Cir.1986), *cert. denied*, 479 U.S. 1102, 107 S.Ct. 1334, 94 L.Ed.2d 184 (1987). Therefore, we may look beyond the face of the statute and its legislative history to determine whether the statute serves legitimate state interests.

■ We hold that even if, as Shaw asserts, the retirement differential was originally based on a difference in mandatory retirement age which no longer exists, the statutory scheme continues to further legitimate state interests. The legislature could, and according to PERB did, conclude that the retirement differential favoring police and firefighters is a rational way to aid recruitment into these hazardous professions, to reward performance of difficult duties, and to encourage retirement before the physical strength and rapid reactions required in police and firefighting work are eroded by age. The state has a legitimate interest in pursuing these objectives. The statutory differential bears a rational relationship to achievement of these ends.

AFFIRMED.