The Honorable Dave Kerr State Senator, 34th District State Capitol, Room 120-S Topeka, Kansas 66612
Dear Senator Kerr:
You request our opinion concerning whether a benefit package for certain state hospital employees who are laid off as a result of the closing of the facilities violates the equal protection clause of the fourteenth amendment because those same benefits may not be extended to other state employees who are laid off.
1996 substitute for senate bill no. 388 includes several provisions that apply to state employees laid off from Topeka state hospital and Winfield state hospital and training center. These provisions include a rehiring preference for those employees who remain in their jobs until the lay off; 180 days notice prior to a lay off; payment by the state of 50 percent of accumulated sick leave and continued participation in the state health care benefit program for 12 months after lay off with the state paying the employer premium portion. (There is also a provision that would allow these employees to withdraw not only their employee contribution to KPERS but the employer's contribution. We understand that legal counsel for KPERS has already advised you in this matter and, therefore, we do not address that issue here.) These benefits will be available only to those state hospital workers who remain on the job until laid off. It is our understanding that the reason that these employees are being treated differently from other state employees who may be laid off is to prevent the former from "jumping ship" prior to the closing of the state hospitals thereby leaving the patients of those facilities without consistent and adequate care.
Because this legislation is social and economic in nature, the standard of scrutiny for equal protection analysis is the "rational basis" test which means that the legislation will be upheld unless the statutory classification rests on grounds wholly irrelevant to the achievement of the state's legitimate objective.
Peterson v. Garvey Elevators Inc., 252 Kan. 976 (1993). Under this rational basis analysis, the United States Supreme Court has concluded that a statutory classification will be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. F.C.C. v. Beach Communications Inc., 508 U.S. 307,124 L.Ed.2d 211, 113 S.Ct. 2096 (1993).
 "This standard of review is a paradigm of judicial restraint. The constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted. On rational-basis review a classification in a statute . . . comes to us bearing a strong presumption of validity and those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it. (Citations omitted). Moreover, because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature. (Citations omitted). Thus, the absence of legislative facts explaining the distinction on the record has no significance in rational-basis analysis." 113 S.Ct. at 2101-2102.
In short, equal protection is not violated simply because special lay off benefits are given to one group of state employees and denied to other state employees. Courts in other jurisdictions have repelled equal protection attacks from disgruntled public employees who are treated differently from other public employees. See Ohse v. Hughes, 816 F.2d 1144
(7th Cir. 1987) (no equal protection violation in Illinois law that denied certain due process considerations to state probation officers who are terminated but provided such consideration to other state employees); Jackson Firefighter's Association v. City of Jackson,736 F.2d 209 (5th Cir. 1984) (equal protection does not require that all public employees receive the same pension and disability benefits); Alfordv. City of Lubbock, Texas, 664 F.2d 1263 (5th Cir. 1982) (legislature's exclusion of employees over the age of 50 from the municipal retirement system does not violate equal protection standards); Shaw v. State ofOregon Public Employees Retirement Board, 887 F.2d 947 (9th Cir. 1989) (statute providing a higher pension for fire and police employees than for general public employees does not violate equal protection);Castellano v. Bd. of Trustees of Police Officers' Variable SupplementFund, 937 F.2d 752 (2nd Cir. 1991) (New York statutory scheme authorizing supplemental retirement benefits to police officers after 20 years of service while denying payments to those who retired under other circumstances does not violate equal protection since the scheme bore a reasonable relationship to the legitimate governmental interest in continued service of experienced police officers).
Should this proposed legislation be challenged, the question will be whether the classification bears a rational relationship to the legitimate state objective of assuring consistent and adequate care to the patients of these state hospitals by offering incentives to the employees to remain on the job until such time as the employee is laid off. Once again, courts give great deference to a legislature's attempt to define classifications.
 "These restraints on judicial review have added force where the legislature must necessarily engage in a process of line-drawing. Defining the class of persons subject to a regulatory requirement — much like classifying governmental beneficiaries — inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line, and the fact that the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration." 113 S.Ct. at 2102.
It is our opinion that the layoff benefit package does not violate the equal protection clause of the fourteenth amendment to the United States constitution because the classification is rationally related to the legitimate state objective of ensuring that the patients of certain state hospital facilities are not deprived of consistent and adequate care.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm